9 F.3d 116
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Dale FRAME, Plaintiff-Appellant,
v.
Michael D. HOOD; A.F. Beeler; T.R. Kindt; Kelly Hudson,
Hobbycraft FCI, El Reno; Unknown Price,
Hobbycraft FCI, El Reno, Defendants-Appellees.
 No. 93-6140.
 United States Court of Appeals,
Tenth Circuit.
 Oct. 19, 1993.
 
 Before TACHA, BALDOCK and KELLY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 This is an appeal from an order of the district court granting defendant's motion to dismiss, which was converted by the district court to a motion for summary judgment. The pro se appellant, Dale Frame, appeals on the grounds that the district court erred in granting summary judgment because appellant was allegedly deprived of property and not given an opportunity to amend sufficiently his complaint to fully respond to the motion for summary judgment. Although we are concerned that pro se petitioners receive an adequate opportunity to state their allegations in a form cognizable in federal court, the district court was very careful to apply the correct standards to the complaint in this case. Both the magistrate judge and the district court construed very liberally the complaint that was filed by the plaintiff, as they were required to do under the liberal construction rules governing pro se complaints. Haines v. Kerner, 404 U.S. 519 (1972); Miller v. Glanz, 948 F.2d 1562, 1565 (10th Cir.1991) (citations omitted). Both the magistrate judge and the district court explored all of the possible causes of action that appellant could have been asserting based on the deprivation of property that he alleges occurred. We agree with the magistrate judge and the district court that even under the most liberal construction of this complaint the only arguably valid basis for plaintiff's complaint against the named defendants is under the Federal Tort Claims Act, 28 U.S.C. 2671-2680. However, any claims thereunder are barred by the statute of limitations. As a result, amendment of the complaint would be futile. Further, appointment of counsel would be futile because the claims are time barred. We therefore AFFIRM the grant of summary judgment in favor of appellees.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3